

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00436-CV

**IN THE INTEREST OF G.T.** and D.M.T., Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2015PA01964
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  December 28, 2016

AFFIRMED

Appellant Elena R., whom we will refer to as "Mother," challenges the trial court's order terminating her parental rights to her children, G.T. and D.M.T., arguing she was denied due process because she was not permitted to participate at trial in a meaningful manner.  We affirm the trial court's order.

## BACKGROUND

In September of 2015, the Texas Department of Family and Protective Services ("the Department") received a referral alleging neglectful supervision of G.T. and D.M.T.  The referral alleged that Mother was using and selling heroin out of her home and that she asked G.T. to hold weapons in the home.  On September 21, 2015, the Department filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child

Relationship. After an adversary hearing on October 13, 2015, the trial court issued temporary orders naming the Department sole temporary managing conservator of the children.

The case proceeded to a trial on the merits on June 21, 2016. Because Mother was not present, her attorney announced, "not ready." The trial court stated, "No parents are present and there's been a significant level of disengagement for quite some time. Mom was served on November 13th, 2015, and dad was at the 12/7/15 hearing. We're going to go forward today. We have children, [G.T. and D.M.T.], who need resolution. I see no extraordinary circumstances to delay this, and we're going to go forward." No further objections were lodged, and the Department proceeded to present two caseworkers as witnesses.

The initial caseworker testified about the referral alleging heroin use and sales, and Mother asking G.T. to hold a gun. The children talked to the caseworker about Mother using drugs in the home and were very descriptive about the types of guns in the home. The caseworker stated that Mother was incarcerated at the time she was served with the Department's petition. The caseworker personally went over the service plan prepared by the Department with Mother and Mother signed the service plan. Once Mother was released from jail, she did attend a few parent-child visits, but otherwise did not engage in services. Mother had not appeared for any court hearings related to the case. The caseworker lost contact with Mother at the end of April or beginning of May 2016. The current caseworker, who began working on the case approximately three weeks prior to trial, testified she found out Mother was arrested again on June 8, 2016, and was presently confined. She stated the children were currently living with their paternal aunt and uncle who wished to adopt them. At the conclusion of the bench trial, the trial court terminated Mother's parental rights to G.T. and D.M.T. pursuant to section 161.001(b)(1)(D), (E), (N), and (P) of the Family Code. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (P) (West Supp. 2016).

## DUE PROCESS

In her sole issue on appeal, Mother contends she was denied due process of law under the United States Constitution and due course of law under the Texas Constitution because she was not permitted to participate at trial in a meaningful manner. *See* U.S. CONST. AMEND. XIV, § 1; TEX. CONST. art. I, § 19. Parental rights termination proceedings must comply with procedural due process requirements. *In re B.L.D.*, 113 S.W.3d 340, 351-52 (Tex. 2003). To determine whether a government decision has deprived an individual of procedural due process, we balance the three *Eldridge* factors against the presumption that the rule comports with due process. *Id.* at 352 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)); *accord In re J.F.C.*, 96 S.W.3d 256, 303 (Tex. 2002). However, a parent may fail to preserve such a complaint for appellate review if she does not specifically raise a constitutional challenge in the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A); *In re L.M.I.*, 119 S.W.3d 707, 710-11 (Tex. 2003); *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001); *In re Baby Boy R.*, 191 S.W.3d 916, 921-22 (Tex. App.—Dallas 2006, pet. denied), *cert. denied sub nom. Gidney v. Little Flower Adoptions*, 549 U.S. 1080 (2006).

In her brief, Mother asserts the trial court denied her due process and that the *Eldridge* factors overcome the presumption that the rule comports with due process. However, Mother did not make a constitutional objection below, or otherwise make the trial court aware that she was raising an objection based on her constitutional right to due process. Nor did she raise any constitutional ground or cite any constitutional authority in any pretrial or post-judgment motion. Her attorney announced "not ready" and did not object any further after the trial court explained it was moving forward. Thus, we conclude the constitutional arguments Mother raises here were not preserved below. *See* TEX. R. APP. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d at 710-11; *In re Baby*

*Boy R.*, 191 S.W.3d at 921-22; *In re Z.C.J. Jr.*, No. 04-12-00010-CV, 2012 WL 3597209, at \*1-2 (Tex. App.—San Antonio Aug. 22, 2012, pet. denied) (mem. op.).

Rebeca C. Martinez, Justice